151 F.3d 1035
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Herbert J. WATERS, Petitioner-Appellant,
v.
Al C. PARKE, Respondent-Appellee.
 No. 97-3651.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 21, 1998.*
Decided July 29, 1998.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. No. 3:97-CV-0088 AS Allen Sharp, Judge.
 Before Hon. JOHN L. COFFEY, Hon. FRANK H. EASTERBROOK, Hon. KENNETH F. RIPPLE, Circuit Judges.
 
 Order
 
 1
 Serving a term of 10 years' imprisonment for rape, plus a 20-year enhancement for being an habitual offender, Herbert Waters seeks a writ of habeas corpus under 28 U.S.C. § 2254. The district court denied his petition and issued a certificate of appealability limited to a single issue: whether a limitation on the cross-examination of a witness was harmless error. The parties have confined their attention to this issue, so we do likewise, bypassing other potential subjects such as whether the constitutional question was presented to the state courts and whether there was a constitutional violation in the first place.
 
 
 2
 Waters concedes that he had intercourse with A.C., the desk clerk at the motel where he was staying, but contended at trial that she consented. A.C. testified to the contrary that Waters bound, gagged, and beat her, and threatened to kill her if she did not comply with his demands. Waters gave a statement to the police admitting that he hog-tied and slapped A.C., but he asserted that this activity too was consensual. A.C. called the police as soon as Waters left. Officers arrested Waters in his room and found blood on his boxer shorts; the blood type matched A.C.'s but not Waters'. The prosecution also introduced the testimony of Kimberly Case, A.C.'s sister in law. Case testified that A.C. called her soon after the events and said "I was just raped" and "I thought he was gonna kill me." Case rushed to the motel and testified that she found A.C. crying and shaking. The defense emphasized that Case was one of A.C .'s relatives and therefore had a reason to slant her testimony in A.C.'s favor. Counsel also sought to inform the jury about Case's convictions for robbery and forgery, but the judge blocked this cross-examination because, although Case had pleaded guilty to these crimes, she had not been sentenced by the date of Waters' trial. The state's Court of Appeals held that this ruling was error, because under Indiana law a guilty plea is a "conviction" that may be used to impeach a witness, but deemed the error harmless. The district judge agreed with the state court's ultimate conclusion.
 
 
 3
 Because Waters filed his petition after April 24, 1996, it is governed by § 2254 as amended by the Antiterrorism and Effective Death Penalty Act. See Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Section 2254(d) limits the scope of federal review:
 
 
 4
 An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
 
 
 5
 (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
 
 
 6
 (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
 
 
 7
 The decision now in question is the state court's conclusion that any error was harmless. No rule of federal law precludes application of the harmless-error doctrine to a trial error of this kind. See Brecht v. Abrahamson, 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); O'Neal v. McAninch, 513 U.S. 432, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995). And like the district court we conclude that the state's treatment of this fact-bound subject cannot be called "unreasonable".
 
 
 8
 Defense counsel was able to show the jury that familial relations gave Case a reason to provide testimony helpful to the prosecutrix. Impeachment by prior convictions may undermine a witness's credibility generally but was unlikely to have significantly altered the jury's perception of Case's testimony given the evidence of specific bias. Moreover, as the state court observed, Case's testimony was cumulative: she added little to what the police relayed to the jury about A.C.'s state when they arrived (Officer Montondorf testified that A.C. was "very upset"). A.C. herself testified about the call placed to Case. A conclusion that the restriction on cross-examination of Case lacked "substantial and injurious effect or influence in determining the jury's verdict" (Brecht, 507 U.S. at 638) is not "unreasonable."
 
 AFFIRMED
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)